UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN LAMKIN and
STEVE LAMKIN,

    Plaintiffs,

v.

                                      Case No. 11-12962

HAMBURG TOWNSHIP, *et al.,*         Hon. John Corbett O'Meara

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION
TO DISMISS WITHOUT PREJUDICE OR STAY**

Before the court are Plaintiffs' motion to dismiss without prejudice or stay and Plaintiffs' motion for a default judgment against Ronald Thybault. The court heard oral argument on July 26, 2012, and took the matter under advisement.

**I.**    **Motion to Dismiss or Stay**

Plaintiffs' complaint contains the following causes of action: Count I, failure to protect/state endangerment in violation of 42 U.S. C. § 1983; Count II, denial of equal protection/selective enforcement, in violation of § 1983; Count III, First Amendment retaliation; Count IV, conspiracy in violation of § 1983; Count V, false arrest, imprisonment, and prosecution in violation of § 1983; Count VI, deprivation of property without due process of law, in violation of the Fifth Amendment and § 1983; Count VII, municipal liability under § 1983; Count VIII, nuisance; Count IX, trespass/malicious destruction of property; and Count X, intentional infliction of emotional distress.[1]

---

[1] The court declined to exercise supplemental jurisdiction over Plaintiffs' state claims on July 29, 2011. Those claims have been dismissed.

This case involves Plaintiffs' disputes with neighbors and Hamburg Township over the use of Island Shore Drive, which crosses their property in Hamburg Township. Essentially, Plaintiffs contend that their attempt to control traffic on the road led to disputes with their neighbors, who allegedly harassed them. Plaintiffs assert that Hamburg Township failed to respond to Plaintiffs' complaints in this regard; and that Hamburg Township also harassed them in violation of their First Amendment rights.

In an incident related to this ongoing dispute, Plaintiff Mary Ann Lamkin was arrested for resisting and obstructing an officer and disturbing the peace. She was convicted in September 2011 on the resisting and obstructing charge, which is now on appeal before the Michigan Court of Appeals. One of the claims in her complaint – Count V, relating to the resisting and obstructing charge – is that she was subjected to false arrest and imprisonment in violation of the Fourth Amendment. In light of Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiffs seek to have their complaint dismissed without prejudice pending the outcome of the appeal. See Wallace v. Koto, 549 U.S. 384, 393-94 (2007) ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal. . . ."); Dusenbery v. Graves, 1999 WL 617932 (6th Cir. Aug. 12, 1999) ("[T]he district court properly dismissed the case, as appellants' claims necessarily imply the invalidity of their criminal convictions and the appellants have not shown that their convictions were reversed, expunged, declared invalid by an appropriate tribunal, or called into question by a writ of habeas corpus.").

Plaintiffs also seek dismissal without prejudice of the claims that would not necessarily impugn Lamkin's conviction, as well as tolling of the statute of limitations as to those claims. In the alternative, Plaintiffs seek a stay. Plaintiffs make the simple point that it makes sense to hear

all of their claims together, as they are factually intertwined.  Defendants oppose a dismissal without prejudice and tolling, although they have cited no legal authority in support of their position.  The court will grant Plaintiffs' motion: Count V will be dismissed without prejudice and the remaining counts will be stayed pending the outcome of Mary Ann Lamkin's appeal.

## II.     Default Judgment against Ronald Thybault

Plaintiffs also seek a default judgment against one of their neighbors, Ronald Thybault, for harassing and retaliating against them in concert with various state actors and other neighbors, in violation of Plaintiffs' civil rights.  Plaintiffs seek $150,000 in damages and attorney fees.  It does not appear that Plaintiffs' claims against Thybault implicate Heck, so dismissal of them is not required.  In light of the stay of Plaintiffs' other claims, however, the court will deny Plaintiffs' motion for default judgment without prejudice.  In order to determine the amount of damages on this claim, an evidentiary hearing will be required.  It makes little sense for the court and the parties to proceed with such a hearing in light of Plaintiffs' request for a dismissal or stay of all the other pending claims.  When and if this matter proceeds, Plaintiffs may pursue their motion for default judgment against Thybault.

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for dismissal without prejudice or a stay is GRANTED, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiffs' motion for default judgment against Ronald Thybault is DENIED WITHOUT PREJUDICE.


                                              s/John Corbett O'Meara
                                              United States District Judge

Date: July 30, 2012

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 31, 2012, using the ECF system and/or ordinary mail.

                                              <u>s/William Barkholz</u>
                                              Case Manager